# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN WITHROW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-2222 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| ELK GROVE POLICE DEPARTMENT | ) | |
| CHIEF CHARLES WALSH | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Elk Grove Police Department Chief Charles Walsh's ("Defendant") motion to dismiss [4] pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Brian Withrow's ("Plaintiff") *pro se* motion for extension of time to respond to Defendant's 12(b)(6) motion [9], and Plaintiff's *pro se* motion in opposition to Defendant's 12(b)(6) motion [10]. For the reasons set forth below, removal was improper because the Court lacks subject matter jurisdiction under 28 U.S.C. 1447(c). Defendant's motion [4] and Plaintiff's motions [9] and [10] are denied as moot. The Court remands this case to the Circuit Court of Cook County, Illinois for further proceedings.

I.     **Background**

On or about January 20, 2015, Brian Withrow ("Plaintiff") filed a *pro se* complaint against Elk Grove Police Department Charles Walsh ("Defendant") in the Circuit Court of Cook County, alleging that Defendant violated Plaintiff's constitutional rights under the First Amendment and the Due Process Clause, presumably of the Fourteenth Amendment. [2-1] at 2.

On February 22, 2015, Defendant was served with summons and the complaint. On March 13, 2015, Defendant filed a petition for removal pursuant to 28 U.S.C. § 1441.

Plaintiff's complaint alleges that Defendant violated Plaintiff's First Amendment and Due Process rights when the Elk Grove Police Department ("Police Department") denied Plaintiff's request for his incident and arrest records as he requested under Illinois's Freedom of Information Act. See 5 ILCS 140/1 *et seq*. On February 9, 2012, Plaintiff requested a copy of his incident and arrest reports from the Police Department pursuant to FOIA in order to mount a defense in his state criminal proceeding in the Circuit Court of Cook County (12-cr-2514). One week later, the Police Department denied Plaintiff's request citing 5 ILCS 140/7(1)(d)(i), which exempts any documents where their disclosure would "interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency that is the recipient of the request."

On March 12, 2012, Plaintiff sought review of the denial of his FOIA request by the Public Access Bureau of the Illinois Attorney General (2012 PAC 18913). The Illinois Attorney General forwarded a copy of Plaintiff's request to the Defendant, who responded on April 9, 2012, citing the pending law enforcement proceedings exemption, as well as additional exemptions under state FOIA as well as the Juvenile Court Act of 1987, 705 ILCS 405/1, which Defendant alleged prohibits disclosure of any information identifying victims of sex offenses. On June 14, 2012, the Illinois Attorney General determined that Defendant "had not sustained its burden of demonstrating that the records are exempt from disclosure under section 7(1)(d)(i) of FOIA" and that the Elk Grove Police Department "is required to disclose the information set forth in section 2.15(a) of FOIA", *i.e.*, Plaintiff's arrest and incident records pursuant to 5 ILCS 140/2.15. See [2-1] at 7. The Illinois Attorney General concluded its letter with a "request that

2

the Department disclose records responsive to Mr. Withrow's FOIA request." *Id.* at 8. Importantly, the Illinois Attorney General "determined that resolution of this matter does not require the issuance of a binding opinion." *Id.* at 8-9. On September 27, 2012, Judge Mandeltort, the Cook County Circuit Judge who was presiding over Plaintiff's criminal trial, entered an order that the "Elk Grove Village Police Department is forbidden from disseminating any documents pursuant to the Freedom of Information Act during the pendency of the above captioned case." *Id.* at 10.

On April 14, 2014, Plaintiff filed a complaint in the Illinois Court of Claims alleging that the Elk Grove Village Police Department, Defendant, and Cook County Circuit Judge Mandeltort violated his constitutional rights by depriving him access of the requested documents under Illinois' FOIA statute. The State of Illinois filed a motion to dismiss, arguing that the Court of Claims only has jurisdiction conferred by the Court of Claims Act, 705 ILCS 505/8, and that statute grants exclusive and limited jurisdiction over claims against the State of Illinois, and only the State." [2-1] at 11 (citing *Kennedy v. State*, 61 Ill. Ct. Cl. 302, 303 (2009)). According to Plaintiff's motion in opposition to Defendant's 12(b)(6) motion [10], Plaintiff withdrew his complaint in the Court of Claims and "placed it in the Chancery [D]ivision which was case #15ch859" [sic]. [10] at 2. Presumably, Plaintiff is referring to his filing on January 20, 2015 of his *pro se* complaint, the operative complaint for our purposes, in the Circuit Court of Cook County. In that complaint, Plaintiff alleges that Defendant violated Plaintiff's constitutional rights under the First Amendment and the Due Process Clause, presumably of the Fourteenth Amendment. *Id.* at 2. On February 22, 2015, Defendant was served with summons and the complaint. On March 13, 2015, Defendant filed a petition for removal pursuant to 28 U.S.C. § 1441(b).

3

## II. Legal Standard

"The federal removal statute permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing 28 U.S.C. § 1441(a)). If, however, "at any time before final judgment it appears that the district court lacks subject-matter jurisdiction," the case must be remanded pursuant to § 1447(c). The Supreme Court has explained that "the literal words of § 1447(c) * * * on their face, give no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (citation and alterations omitted). An order remanding a case to state court for lack of subject-matter jurisdiction "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint. *Sheridan v. Flynn*, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003). A plaintiff's choice of forum is presumed valid and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g., Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum"); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction"). Defendants bear the burden of establishing that all of the prerequisites for removal have been satisfied. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (defendant must demonstrate "reasonable probability that subject-matter jurisdiction exists"). In determining whether removal is proper, the Court must consider the jurisdictional circumstances at the time that the removal was made.

See, *e.g., In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992); *Sheridan*, 2003 WL 22282378, at *3.

**III.    Analysis**

Defendant raises three separate grounds upon which he believes the Court should dismiss Plaintiff's complaint, but the Court cannot rule on those grounds if the Court determines that removal was improper based on lack of subject matter jurisdiction.

Defendant mislabeled their petition for removal as "pursuant to 28 U.S.C. § 1441(b)," the subsection of the removal statute that deals with removal on the basis of diversity. However, the parties, both being citizens and residents of Illinois, are not diverse in this action. Thus, removal of Plaintiff's complaint can only be proper under 28 U.S.C. § 1441(a). That section of the removal statute reads as follows:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Here, removal of this case is only proper if the Court would have had original jurisdiction over Plaintiff's complaint. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. The usual test for federal-question jurisdiction under § 1331 is the "well pleaded complaint rule," which requires federal courts to look only at the complaint itself "to determine if the case arises under federal law." *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987).

Both the Plaintiff and the Defendant insist that the Court does have original jurisdiction because Plaintiff alleges a cause of action under Section 1983. However, the Court cannot blindly accept any litigant's invocation of the Court's subject matter jurisdiction. Rather, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Thus, the Court must scrutinize the Plaintiff's complaint to determine whether it properly invokes federal subject matter jurisdiction.

The Plaintiff is, and has always been, *pro se* in this matter, and a careful reading of Plaintiff's operative complaint, namely the one filed in the Circuit Court of Cook County, suggests that Plaintiff is seeking review of Defendant's refusal to hand over Plaintiff's incident and arrest reports, which is plainly a matter of state law under Illinois' Freedom of Information Act. See 5 ILCS 140/1 *et seq*.

Section 1983 is not applicable here. Under Section 1983, a plaintiff must allege that the defendant was "personally responsible for the deprivation of a constitutional right" because "he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). The Plaintiff's constitutional rights are not implicated by his state FOIA proceedings. As the Seventh Circuit has explained, the U.S. "Constitution does not require state and local governments to adhere to their procedural promises." *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 166-67 (7th Cir. 1994) (citing *Olim v. Wakinekona,* 461 U.S. 238, 248–51 (1983) (other citation omitted)). Simply because Plaintiff alleges that Defendant violated Illinois law in refusing Plaintiff's FOIA request does not furnish him with a basis for invoking federal jurisdiction. Rather, "[f]ailure to

implement state law violates that state law, not the Constitution; the remedy lies in state court." *Id.*

The Illinois Freedom of Information Act lays out the procedure by which Plaintiff can seek review for Defendant's actions. Under 5 ILCS 140/11(a) and (b), "[a]ny person denied access to inspect or copy any public record by a public body may file suit for injunctive or declaratory relief," and may do so in "the circuit court for the county where the public body has its principal office or where the person denied access resides." Hence, Plaintiff sought relief in the Circuit Court of Cook County, where the Elk Grove Police Department has its principal office and Defendant resides.

Illinois courts have explained how such disputes are to be adjudicated. There are "two avenues of review for individuals whose FOIA requests are denied." *Shehadeh v. Madigan*, 996 N.E.2d 1243, 1247 (Ill. App. Ct. 2013). "Under section 9.5 of FOIA, a person may file a request for review with the Attorney General's Public Access Counselor, who 'shall determine whether further action is warranted.'" *Id.* (quoting 5 ILCS 140/9.5(a), (c)). That is what Plaintiff did on March 12, 2012. "The Counselor may resolve a request for review by mediation, by issuing a binding opinion, or 'by a means other than the issuance of a binding opinion.'" *Id.* (quoting 5 ILCS 140/9.5(f)). The Illinois Attorney General did precisely that with its non-binding letter on June 14, 2012. Alternatively, Illinois' FOIA "allows 'any person denied access to inspect or copy any public record by a public body' to file in the circuit court a 'suit for injunctive or declaratory relief.'" *Id.* (quoting 5 ILCS 140/11(a)), see also *Brown v. Grosskopf*, 984 N.E.2d 1167, 1170 (Ill App. Ct. 2013) (laying out FOIA procedure when Illinois Attorney General issues non-binding opinion); *Stern v. Wheaton-Warrenville Cmty. Unit Sch. Dist. 200*, 910 N.E.2d 85, 88 (Ill App. Ct.2009) (laying out FOIA procedure in Illinois courts generally). Plaintiff availed himself

7

of that procedure when he filed his case in the Circuit Court of Cook County on January 20, 2015.

This Court does not have jurisdiction to adjudicate a dispute between a "public body" of the state of Illinois, see 5 ILCS 140/2(a), and a citizen of Illinois who is seeking records from that entity. Illinois has created a procedure for such a dispute, outlined above, involving the Public Access Bureau of the Illinois Attorney General and the Circuit Courts of the Illinois. Accordingly, removal to this Court was improper for lack of subject matter jurisdiction, and this Court must remand the case to the Circuit Court of Cook County pursuant to 28 U.S.C. 1447(c). See *Smith v. Wisconsin Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (vacating district court's dismissal of removed case for lack of subject matter jurisdiction, instructing district court to remand instead); see also *Cont'l Cas. Co. v. S. Co.*, 284 F. Supp. 2d 1118, 1120 (N.D. Ill. 2003) ("The proper remedy for lack of subject matter jurisdiction in a case removed from state court is not dismissal, however; it is remand.") (citing 28 U.S.C. § 1447(c)).

**IV.  Conclusion**

For the reasons set forth above, removal was improper because the Court lacks subject matter jurisdiction under 28 U.S.C. 1447(c). Defendant's motion [4] and Plaintiff's motions [9] and [10] are denied as moot. The Court remands this case to the Circuit Court of Cook County, Illinois for further proceedings.

Dated: December 18, 2015    _____
　　　　　　　　　　　　　　　Robert M. Dow, Jr.
　　　　　　　　　　　　　　　United States District Judge